PATRICK HAFFEY, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 6, 1911.**

1. **CARRIERS OF PASSENGERS: Concurrent Negligence.** In
an action to recover damages for injuries sustained by being
struck by the bumper of one of defendant's street cars, (the
fender having passed plaintiff safely), where the evidence show-
ed that plaintiff approached the track at a slow gait in an oblique
direction while the car was also coming from the same direction,
even conceding that the motorman was negligent in failing to
ring the bell or check up the car on seeing the plaintiff approach
the track without looking for danger, the concurrent act of the
plaintiff and the motorman, was not superseded as the proximate
cause of the injury by the sole negligence of the defendant, and
the plaintiff was not entitled to recover.

2. ————: **Humanitarian Doctrine: Concurrent Negligence.** In
such a case, there is no room for the humanitarian doctrine.
The negligence of plaintiff was concurrent in point of time with
the negligent running of the car, and was the direct proximate
cause of the injury.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park,* Judge.

REVERSED.

154 App.]                    (493)

*John H. Lucas* for appellant.

*Guthrie, Gamble & Street, Boyle & Howell* and *A. F. Smith* for respondent.

BROADDUS, P. J.—This is an action by plaintiff to recover damages for injuries sustained by being struck by one of defendant's street cars.

The injury was sustained on the night of April 7, 1908, on Kansas avenue, between Fourth and Fifth streets in Armourdale, Kansas. About 8 o'clock p. m. while the street was well lighted, plaintiff started from the north side of said street to cross over to the opposite side. In going he traveled in an oblique direction. He stated that when he left the sidewalk he looked in both directions and he saw no cars coming. He then proceeded in the direction indicated without looking for approaching cars. In the meantime a car was coming along the street from the east at the rate of speed of fifteen miles an hour. Plaintiff and the car were both traveling west. It so happened that just before plaintiff got upon the defendant's track the fender passed him and he was struck by the bumper of the car and injured. No warning of any kind was given to plaintiff of the approach of the car and no effort was made to check its speed until after plaintiff collided with it. Bystanders testified that plaintiff's manner as he approached the track indicated that he was not mindful of his surroundings.

The judgment was for plaintiff from which the defendant appealed. The defendant introduced no evidence and submitted a demurrer to plaintiff's case, which the court overruled. The appeal is taken mainly on the theory that plaintiff made out no case.

It is contended that the facts do not show that the motorman in charge of defendant's car was negligent. It appears to us the defendant's position is well taken. Notwithstanding, the motorman had he been looking,

was he compelled under the circumstances to have taken notice that plaintiff was going to place himself in the line of danger? Ordinarily when a person is seen to approach the tracks of a street car company in an oblique direction while a car is also approaching and coming from the same direction, the supposition is, that he intends the car to pass before he goes upon the track, and this supposition is all the stronger when the traveler proceeds at a slow gait, and because the person does not appear to be looking around for approaching cars does not of itself indicate that he is unaware of that fact. In the absence of wind, snow, rain, or some other disturbing factor, the presumption is that a grown man. is aware of his surroundings and that he will not deliberately walk into danger. The motorman seeing plaintiff's approach to the track in the manner as shown, had the right to assume that he would not put himself into danger, and as a matter of fact, the car had partly passed him before he came in contact with it and there were no means by which the motorman could avoid injuring him.

The last chance rule does not apply in an action against a street railway company in such cases when the motorman had no warning by the demeanor of the party injured that he was about to put himself in a position of danger. [Rissler v. St. Louis Transit Co., 113 Mo. App. 120; Day v. United Railways Company, 140 Mo. App. 461.]

Conceding that defendant's motorman was negligent in failing to ring the bell or check up the car on seeing plaintiff approach the track without looking for danger, the concurrent act of both was not superseded as the proximate cause of the injury by the sole negligence of the defendant. On the contrary if plaintiff had given any attention whatever to his own safety he would at least have avoided injury at the last moment and not have collided with the car in the manner which the evidence shows that he did. Under such circum-

stances the plaintiff was not entitled to recover. [Ross
v. Metropolitan Ry. Co., 113 Mo. App. 600.] In such a
case there is no room for the humanitarian doctrine.
[Grout v. Ry. Co., 125 Mo. App. 552.]

The negligence of plaintiff was concurrent in point
of time with the negligent running of the car "and was
the direct proximate cause" of the injury. [Schmidt v.
Railroad, 191 Mo. l. c. 236.]

It is said: "It has always been the law of this
state that it is such gross negligence as precludes a re-
covery for a person to step on a railroad track directly
in front of an approaching train and so close to it as to
render it impossible to stop the train to avoid injury."
[Moore v. Lindell Ry. Co., 176 Mo. l. c. 544.] The court
cited as precedents nine decisions of the Supreme Court
to sustain the holding. And the rule is applicable even
if the train is running at a speed in excess of the max-
imum rate permitted by law. [Moore v. Lindell Ry. Co.,
supra; Tanner v. Railroad Co., 161 Mo. 497.]

The burden of respondent's argument and his cita-
tion of authorities is to the effect. that if the motorman
saw or could have seen the peril of plaintiff in time
to have given him warning or checked the car, defend-
ant was guilty of a violation of the humanitarian doc-
trine. No one doubts the correctness of this theory. But
as we have shown that this case under the facts does
not fall within the rule invoked, the defendant's demur-
rer to plaintiff's case should have been sustained. Re-
versed. All concur.