## WASHINGTON RY. & ELECTRIC CO. v. BUSCHER.

(Court of Appeals of District of Columbia. Submitted March 6, 1924. Decided May 5, 1924.)

No. 4024.

1. Street railroads ⊛103(3)—Instruction on last clear chance held proper.

In an action for injuries from collision between automobile and street car traveling in same direction, an instruction that plaintiff could recover if motorman failed to exercise reasonable care to avoid collision after he saw plaintiff in a position of peril *held* proper.

2. Negligence ⊛136(9)—Question of last clear chance for jury.

Where reasonable men may fairly differ whether there was negligence, the determination is for jury and this rule applies to negligence under last clear chance doctrine.

3. Negligence ⊛136(1)—Question for jury.

In negligence cases, whether the point is raised by motion for directed verdict or by an objection to submission of question to jury, the court

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

should not take the issue from the jury unless, conceding the truthfulness of witnesses and giving full effect to every legitimate inference that may be deduced from their testimony, it is plain that claimant has not made out a case entitling him to a verdict.

**4. Street railroads ⏁118(15)—Question of last clear chance held for jury.**

In an action for injuries from collision between automobile and street car traveling in same direction evidence *held* to authorize submission of the issue of negligence under last clear chance doctrine, though there was no expert testimony showing distance within which street car could be stopped consistent with requirements of doctrine.

Appeal from the Supreme Court of the District of Columbia.

Action by Ben A. Buscher against the Washington Railway & Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. J. Whiteford, of Washington, D. C., for appellant.

James A. O'Shea, John I. Sacks, and Anna L. Cook, all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and MARTIN, Presiding Judge, of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This case was brought by Ben A. Buscher to recover damages from the Washington Railway & Electric Company because of injuries received in a collision between one of the company's street cars and an automobile which he was driving. The case was tried to the jury, and resulted in a verdict and judgment for the plaintiff. The defendant appealed.

The accident happened at about noon on June 9, 1920, in Washington, D. C., at a point on P street at or near its intersection with Twenty-Seventh Street Northwest. P street runs east and west; Twenty-Seventh street, north and south. The plaintiff drove his automobile northward along Twenty-Seventh street, approaching P street from the south, and made a right-hand turn around the corner into P street, intending to travel eastwardly upon it. At that point there were parallel car tracks upon P street, and when the automobile turned the corner it got partly or wholly upon the near or east-bound track. While it was thus situated an east-bound street car coming from the west on P street collided with it, pushing it forward until it struck a west-bound car, which approached on the parallel track from the opposite direction. The plaintiff was injured, and the automobile wrecked.

The testimony relating to the details of the collision was quite conflicting. The witnesses estimated the speed of the street car at various rates between 8 and 22 miles an hour; the speed of the automobile, between 6 and 35 miles an hour; the distance of the street car from the intersection, when the automobile reached the corner, between 25 and 100 feet; the distance which the street car pushed the automobile, from the place of collision until it was struck by the west-bound car, between 20 and 90 feet. There were flat contradictions in the testimony as to whether the gong was sounded, and whether the speed of the street car was partly checked before the collision.

---

When the court came to charge the jury upon the subject of negligence, the plaintiff requested instructions embodying the doctrine of the "last clear chance." The defendant objected, upon the ground that the evidence in the case furnished no basis whatever for the application of the last clear chance rule, and consequently that the court should not submit that issue to the jury. The court overruled the objection and charged the jury upon the subject. The defendant excepted, and in this court its argument has been confined to that point alone; the learned counsel for the appellant speaking as follows in his brief:

"The prime purpose of this appeal is to have this court establish definitely the requirements of the testimony that will support a last chance instruction and to clear up the seeming confusion caused by the decision in the Stuart Case."

[1] It thus appears that the complaint of the appellant is directed against the actual submission of the last clear chance issue to the jury, rather than the particular instruction whereby the submission was effected. Nevertheless we quote the following extract from the general charge of the court upon that subject:

"In the first place, it is for the plaintiff to prove the defendant's negligence in one or more of the particulars charged in the declaration which you will have before you. Then, if that is made out, the defendant escapes liability if it has shown by a fair preponderance of the evidence that the plaintiff himself did not exercise reasonable care for his own safety and such failure contributed to his accident and injury.

"There is one more chance for the plaintiff to recover, and that is, should you find that, after the plaintiff's negligence had put him in a position of danger, the driver of the car, the street car, failed to exercise reasonable care to avoid the collision after he knew and saw him in that position of peril. That, in brief, is the law of the case as to the question of liability."

We think that the foregoing instruction, and also the other instructions given by the court upon the same subject, are consistent with the well-established principles relating to negligence under the doctrine of the last clear chance or discovered peril. See Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 558, 11 Sup. Ct. 653, 35 L. Ed. 270; 29 Cyc. p. 530, "Negligence," with citations; 20 R. C. L. § 114, and citations; Hawley v. Columbia R. Co., 25 App. D. C. 1, 5; Capital Traction Co. v. Divver, 33 App. D. C. 333; Baltimore & Ohio R. R. Co. v. Griffith, 34 App. D. C. 469; Capital Traction Co. v. Apple, 34 App. D. C. 559; Capital Traction Co. v. Crump, 35 App. D. C. 169; Washington Railway & Electric Co. v. Cullember, 39 App. D. C. 316; Washington Virginia Ry. Co. v. Himelright, 42 App. D. C. 532; Capital Traction Co. v. Snowden, 48 App. D. C. 344; Washington Railway & Electric Co. v. Stuart, 50 App. D. C. 74, 267 Fed. 632.

We come next to the question: Was there in this case sufficient evidence of negligence as defined by the last clear chance doctrine to justify the submission of that issue to the jury?

[2, 3] It is a familiar rule in negligence cases that, when a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination

of the matter is for the jury, and that it is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court. Grand Trunk Railway Co., v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 36 L. Ed. 485. This rule applies to negligence under the last clear chance doctrine as fully as to primary or contributory negligence, and it is immaterial whether the point be raised by a motion for a directed verdict, or by an objection to the submission of the question to the jury. In either case the court should not take the issue from the jury unless, conceding the truthfulness of the witnesses and giving full effect to every legitimate inference that may be deduced from their testimony, it is nevertheless plain that the claimant has not made out a case sufficient in law to entitle him to a verdict upon the issue. Barstow v. Capital Traction Co., 29 App. D. C. 362; Glaria v. Washington Southern Ry. Co., 30 App. D. C. 559; Shinn v. Evans, 37 App. D. C. 304; Thomas R. Riley Lumber Co., v. McHarg, 47 App. D. C. 389, 390, and citations.

[4] In the light of these principles we think that the trial court was right in submitting the question of last clear chance to the jury. If we take the view of the evidence most favorable to the plaintiff, as we are bound to do for the present purpose, we find that it tends to prove the following facts relating to the collision, to wit: That there had been a tie-up upon the street railway west of this point, and consequently that the car in question was behind time; that it approached the street intersection at a speed of about 22 miles an hour down grade; that there was no car stop at or near the intersection; that the automobile turned the corner into P street when the street car was 100 feet distant therefrom; that the time was about noonday, with no unusual conditions of weather or tracks, or of the equipment of the street car, disclosed by the testimony; that the motorman had an unobstructed view of the automobile when it began to turn the corner 100 feet distant; that nevertheless he failed to sound the gong or slacken the speed of the car before the collision; that the automobile, after turning the corner, straightened out and traveled eastwardly a distance of about 15 feet at about 10 miles an hour, when the street car struck it from behind, pushing it along the track for a distance of about 90 feet, and causing it to collide with a street car which approached on the parallel track from the opposite direction. It cannot be said that all reasonable men must conclude from these facts that the motorman was not guilty of negligence under the last clear chance doctrine in the operation of the street car, or that such negligence was not the proximate cause of the plaintiff's injuries. It is true that there was other evidence in the case which strongly contradicted the foregoing assumptions, but the present question is whether the plaintiff's evidence entitled him to go to the jury upon the last clear chance issue, and does not concern itself with the weight of the evidence in case of contradictions.

The appellant insists that the issue should not have been submitted to the jury without the introduction of expert testimony to show within what distance the street car could have been stopped consistently

with the requirements of the last clear chance doctrine. We think, however, that a state of facts may be disclosed in a given case which would permit the jury from common knowledge to pass upon the question of last clear chance negligence under the proven circumstances of the case, without the introduction of technical or expert testimony, while in other cases doubtless evidence of the latter character would be necessary for such a determination. The present case, in our opinion, comes within the first class.

We therefore answer the inquiry suggested by the appellant by saying that, when the plaintiff relies for a recovery upon the last clear chance doctrine, he must support the claim by a preponderance of the evidence as in other negligence cases, and that, if the defendant challenges the sufficiency of the evidence in support of the claim by a motion for a directed verdict or by an objection to the submission of the issue to the jury, it becomes the duty of the trial court to determine whether the plaintiff's evidence, when given full weight, is such that reasonable men may fairly differ upon the question as to whether there was such negligence or not. If this question is decided affirmatively, the issue should be submitted to the jury; but, if the trial court considers that all reasonable men must agree under the evidence that there was no such negligence, the question should be withheld from the jury and decided by the court as a matter of law.

The judgment is affirmed, with costs.

This case was decided prior to the death of the late Chief Justice.