## CHR. HEURICH BREWING CO. v. McGAVIN.

(Court of Appeals of District of Columbia. Submitted April 6, 1926. Reargued November 1, 1926. Decided December 6, 1926.)

### No. 4386.

**1. Automobiles ☞245(6)—Truck driver's negligence as to pedestrian held for jury.**

In action for injuries to pedestrian, struck by truck, evidence of driver's negligence *held* to warrant denial of directed verdict for defendant.

**2. Negligence ☞136(8)—Negligence is question of law only when facts are undisputed, or such that reasonable men must agree.**

Question of defendant's liability for negligence can be withdrawn from jury and determined as a question of law when, and only when, the facts are undisputed, being stipulated, or found by court or jury, or established by evidence free from conflict, or such that reasonable men must agree on it.

**3. Negligence ☞136(8)—Negligence under humanitarian rule, is question of law only where facts are undisputed, or such that reasonable men must agree.**

Question of defendant's liability, under doctrine of last clear chance, can be withdrawn from jury only when facts are undisputed, being stipulated, found by court or jury, or established by evidence free from conflict, or such that reasonable men must agree on it.

**4. Dismissal and nonsuit ☞26—Permitting plaintiff to take nonsuit as to defendant truck driver, not as to his employer, held discretionary.**

In action for personal injuries against driver of truck and his employer, it was within court's discretion to permit plaintiff to take a voluntary nonsuit as to the defendant truck driver.

**5. Automobiles ☞246(30, 38)—Instruction on contributory negligence of pedestrian and truck driver's negligence, under humanitarian rule, held correct.**

In action for personal injuries to pedestrian, struck by truck, instruction on subject of contributory negligence, and liabilty under doctrine of last clear chance, *held* correct.

**6. Negligence ☞83—Instruction denying recovery, under humanitarian rule, if defendant's negligence was discovered in time for plaintiff to have avoided injury, held properly refused.**

Refusal to instruct that doctrine of last clear chance applied to plaintiff, and precluded recovery if she discovered defendant's negligence in time to avoid its consequences, and failed to do so, *held* not error.

Appeal from the Supreme Court of the District of Columbia.

Action by Anna M. McGavin against the Chr. Heurich Brewing Company and another. From a judgment for plaintiff against the named defendant, after a voluntary nonsuit as to its codefendant, the named defendant appeals. Affirmed.

F. F. Nesbit and Leon Tobriner, both of Washington, D. C., for appellant.

N. B. Landreau, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a judgment for damages recovered against appellant by the appellee, who was plaintiff below, for personal injuries alleged to have been sustained by her because of the negligent operation of a gasoline truck by appellant's employee upon one of the streets of the District of Columbia. The suit was brought to recover jointly against the appellant company and its employee.

It appears that plaintiff was struck and injured by the truck while crossing a city street, and she charges that defendant company and its employee were negligent, in that they had negligently failed to maintain the brakes and appliances of the truck in good repair, and that the driver negligently failed to watch the street properly for pedestrians, and failed to give any warning signals, or make any proper effort to avoid striking plaintiff; also that the driver negligently failed to properly apply the brakes when plaintiff was observed, and made no proper efforts to avoid striking her.

The defendant company denied all charges of negligence, and alleged that plaintiff was negligent when crossing the street; that she failed to keep a proper lookout for vehicles approaching her and passing in and along the street, and failed to stop when she saw, or by the exercise of reasonable care could have seen, that the vehicle in question was so close that, if she continued to move forward, the vehicle could not be stopped in time to avoid colliding with her; and that her failure to use due care as aforesaid contributed to cause the injury complained of.

The record discloses that on October 15, 1923, in the daytime, the plaintiff undertook to cross from the north to the south side of New York avenue, at a point in the block between Ninth and Tenth streets; that there were parallel street car tracks in the middle of the avenue in that block, and automobiles were permitted to be parked next to and alongside of the car tracks, head on to them, leaving a roadway about 20 feet wide between the projecting rear ends of the parked automobiles and the curb; that upon the occasion in question the plaintiff walked across the north roadway and over the street car tracks; she then passed between the automobiles parked on the south side of the tracks, and started to cross the south roadway to the curb; that thereupon while in the roadway she was struck and injured by the truck going east.

The evidence relating to the circumstances of the accident is conflicting. The plaintiff testified in substance that, when she reached the street car tracks after crossing the north roadway, she looked in the proper direction before starting to cross the south roadway, and saw that "there was nothing to hinder her from crossing; that there was a truck away up"; that "it was quite a few feet on the other side of Tenth street"; that she did not see the truck again, after she started across the south roadway, until it struck her; that the right front wheel of the truck struck her left foot at the ankle and heel, and she was thrown toward the curb, where she was picked up.

Plaintiff called two witnesses in support of her claim. One of these testified in substance that he saw the accident; that he was riding in an open automobile following the truck across Tenth street; that when he first saw plaintiff she was about 25 or 30 feet from where the truck hit her; that she was crossing the street, and he was about 50 feet back of her when he saw her; that the truck was right on top of her, and knocked her to the curb; that the right-hand side of the front of the truck hit her, and threw her against the curb; that she was about 3 feet from the curb when the truck struck her; that the truck was going about 12 miles an hour; that he did not see it skid or swerve; that when he first saw the plaintiff she was about 10 or 12 feet in front of the truck, walking toward the curb; that he did not notice the truck until he saw the woman in the street, when the truck looked like it was going to hit her, and then it knocked her down; that where the woman crossed was at least 30 feet beyond where pedestrians cross the avenue; that automobiles were parked alongside of the street car tracks, and he saw plaintiff walk from where they were parked; that about a minute intervened from the time she walked out from between the automobiles and the time she was struck; that she was walking slowly; that she had passed from the left-hand side of the truck, when it struck her; that it was in the center of the roadway; that plaintiff had gone 12 or 13 feet from the point the automobiles were parked, or about 10 feet into the roadway; that the truck stopped as it struck her; that the driver stopped as quickly as he could; that the front of the car went about 5 feet after it struck her; that witness did not see what part of the truck struck her, and was unable to say which side of the truck struck her, but it was not the left wheel.

The second witness testified in substance that he was riding in the automobile driven by the previous witness; that the roadway from the back of the parked automobiles to the curb was about 20 feet wide; that when he first saw the plaintiff she was about one-third across this open space; that the truck was going about 8 or 10 or probably 12 miles an hour; that it was going slow; that he did not see the plaintiff when the truck struck her, and cannot tell which part struck her, except that it was the front; that he saw the truck start, and swerve and stop suddenly; that he got out and went to the front, and found the plaintiff lying on the curb; that the plaintiff had come across the parking, facing directly south, and when she disappeared the truck stopped, and the front wheels of the truck were swerved out from the curb to the driver's left, about 3 or 4 feet from the curb at the time; that the truck had been traveling slowly, and they were about to pass it; that he did not know whether the driver blew the horn or not.

No testimony was offered by plaintiff respecting the condition of the truck's brakes, nor any other evidence as to the sounding of the horn. At the close of plaintiff's evidence

the defendant company moved the court to direct a verdict in its favor, upon the ground that no evidence of negligence had been adduced against it; that the declaration alleged a joint tort, and the evidence failed to sustain the allegations; that by the declaration a recovery was sought against employer and employee jointly for the negligence of the employee alone, thereby creating a misjoinder and variance; that the evidence showed contributory negligence upon the part of plaintiff; and that there was not sufficient evidence to warrant the submission of the question of defendant's last clear chance to the jury.

The court overruled this motion, whereupon plaintiff entered a voluntary nonsuit in favor of the defendant employee, and the case proceeded against the company alone. The company then introduced evidence tending to prove the exercise of due care upon its part and that of the driver, and contributory negligence upon the part of plaintiff. The verdict and judgment were for the plaintiff. The court's ruling upon the defendant's motion for a directed verdict, as well as the leave given plaintiff to enter the nonsuit in favor of the employee without a similar nonsuit in favor of the company, and also the court's refusal to charge the jury upon the last clear chance doctrine as requested by the defendant, are assigned by appellant as errors.

[1] It must be conceded that the plaintiff's evidence is not clear or satisfactory as proof of the driver's alleged negligence; nevertheless we think that the refusal of the lower court to direct a verdict for defendant at the close thereof was not error.

[2] The question of the defendant's liability lawfully can be withdrawn from the jury, and determined by the court as a question of law, when and only when the facts are undisputable, being stipulated, found by the court or jury, or established by evidence that is free from conflict, and when the inference from the facts is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it. But the fact of negligence is very seldom established by such direct and positive evidence that it can be taken from consideration of the jury and pronounced upon as a matter of law. On the contrary, it is almost always to be deduced as an inference of fact from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their weight and force considered. 20 R. C. L. 169, § 141.

[3] These rules apply likewise to the submission of the last clear chance doctrine to the jury, and this court has emphasized its strict adherence thereto in various decisions. Barstow v. Capital Traction Co., 29 App. D. C. 362; Glaria v. Washington Southern Railway Co., 30 App. D. C. 559; Shinn v. Evans, 37 App. D. C. 304; Riley Lumber Co. v. McHarg, 47 App. D. C. 389, 390; Washington Ry. & Electric Co. v. Buscher, 54 App. D. C. 353, 298 F. 675.

[4] In respect to the question whether the employer and employee may be joined as defendants in a case like this, the authorities are not in accord; but it is unnecessary for us to pass upon the question, for it was eliminated from the case by the voluntary nonsuit in favor of the employee. This was permitted by the trial court in the exercise of its discretion, and we find no error in the ruling.

[5] The court correctly instructed the jury upon the subject of contributory negligence and the last clear chance doctrine, as follows:

"But suppose you should find, on the first branch of the case, that the defendant driver was negligent in one or more of the particulars charged in the declaration, and that that was the direct and immediate cause of the accident and the injury to the plaintiff, but that in viewing the evidence on both sides you thought the defendant had made out the defense of contributory negligence; that is to say, that the plaintiff herself, by her own failure to exercise reasonable care for her own safety, had contributed to this accident and to her injury—I say, if you should stop there, there must be a verdict for the defendant.

"But there is one more thing to be considered, if you come to that point, because the law is that even though the plaintiff may have been guilty of negligence which contributed to the accident and the injury by putting herself in a position of peril, yet if thereafter the defendant, seeing the position in which she was, had an opportunity, by the exercise of reasonable care and prudence, to save her from the consequences of her negligence, it was his duty to do so, and if he failed to do so, and that was the immediate proximate cause of the injury to the plaintiff, she may still recover. That is what is called the last clear chance."

At the request of the defendant, the court also delivered the following instructions, to wit:

"The jury are instructed that it was the duty of the plaintiff in crossing New York

avenue to exercise for her own safety the care which a reasonably prudent and careful man would exercise under all the circumstances; and if you believe from the evidence that the plaintiff in crossing New York avenue failed to exercise such care in any respect, and that such failure on her part contributed to the accident in question, then your verdict should be for the defendant, unless the defendant shall be found liable under the instruction next to be given.

"The jury are instructed that the burden of proof that the defendant saw, or could by the exercise of reasonable care have seen, the plaintiff after she was in a position of danger, and at that time could have stopped the truck, or avoided the accident, is upon the plaintiff, and she must prove each of these facts by a preponderance of the evidence. And if the evidence as to any of them fails to sustain such burden of proof, or is equally balanced, or preponderates in favor of the defendant, then your verdict should be in favor of the defendant. * * * The jury are instructed, in considering these instructions, that due care depends upon the circumstances of each particular case, and is such care as a person of ordinary prudence and skill would usually exercise under the same or similar circumstances."

[6] No exception was taken to these instructions, but the defendant then requested the court to deliver to the jury the following instruction respecting an alleged corresponding duty imposed upon the plaintiff by the last clear chance doctrine, to wit:

"The jury are instructed that, even though they believe from the evidence that the driver of defendant's truck was negligent in not keeping a lookout or otherwise, yet if the plaintiff, in crossing New York avenue, by the exercise of ordinary care could have discovered such negligence of the defendant in time to avoid its consequences, and failed to do so, your verdict should be for the defendant."

The court refused this request and the defendant excepted. This ruling is now assigned as error; the appellant contending that the last clear chance doctrine should apply as well to the plaintiff as to the defendant. We find no discussion of this specific question in any of the former decisions of this court, but the principles underlying the last clear chance doctrine, as heretofore set out by the court, do not sustain appellant's claim as applicable to this case. Hawley v. Columbia Ry. Co., 25 App. D. C. 1; Capital Traction Co. v. Divver, 33 App. D. C. 332; B. & O. Ry. Co. v. Griffith, 34 App. D. C.

16 F.(2d)—22

469; Capital Traction Co. v. Apple, 34 App. D. C. 559; Capital Traction Co. v. Crump, 35 App. D. C. 169; Washington Railway & Electric Co. v. Cullember, 39 App. D. C. 316; Washington-Virginia Ry. Co. v. Himelright, 42 App. D. C. 532; Capital Traction Co. v. Snowden, 48 App. D. C. 344; Washington Ry. & Electric Co. v. Stuart, 50 App. D. C. 74, 267 F. 632; Washington Ry. & Electric Co. v. Buscher, 54 App. D. C. 353, 298 F. 675.

The judgment of the lower court is affirmed, with costs.