## FLEMING v. FISK.
### No. 6668.

United States Court of Appeals for the District of Columbia.

Decided Dec. 14, 1936.

Harry H. Bettelman, of Washington, D. C., for appellant.

Milford Schwartz and Achilles Catsonis, both of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

STEPHENS, Associate Justice:

This is an action brought by Mrs. Fleming, appellant here and plaintiff below, for the alleged alienation of the affections and deprivation of the consortium of her husband. Issue was joined by the appellee, Marion Fisk, defendant below. There was a trial to a jury and at the close of the whole case the trial judge granted a motion for a directed verdict in favor of the defendant. This appeal was then taken. The sole question is whether there was sufficient evidence to take the case to the jury.

The procedural rule involved is not in dispute. On motion for a directed verdict the evidence must be construed most favorably to the plaintiff and the plaintiff is entitled to the full effect of every legitimate inference. If, so viewing a plaintiff's case, there is lacking evidence upon which jurymen can properly find a verdict—there must be more than a mere scintilla—the court must intervene. But if upon the evidence reasonable men might differ the case is for the jury, not the court. See Schwartzman v. Lloyd, 65 App. D.C. 216, 218, 82 F.(2d) 822, 824. The general rule of substantive law applicable to this type of case is also settled. Each party to a marriage has a legal right to the affection and consortium of the other. Deprivation of the same, intentionally caused by a third party, is legally actionable. Dodge v. Rush, 28 App.D.C. 149, 8 Ann. Cas. 671, and Richards v. Lorleberg, 65 App.D.C. 57, 79 F.(2d) 413.

We have carefully examined the record and think it sufficient to state the evidence in general and illustrative terms.

Mr. and Mrs. Fleming, married in 1916, lived for a time in 1921 with the defendant and her family. From 1921 to 1923 there was an acquaintanceship and association between Mr. Fleming and Miss Fisk of an innocent and casual character. For example, while the two families were living together and perhaps for a time thereafter, Mr. Fleming, accompanied by Miss Fisk's father and neighbors, drove Miss Fisk to work in Washington, D. C., in which city he also was employed. In 1924 Miss Fisk, who was then attending college in Ohio,

in a letter to Mr. Fleming stated that she was "lonesome for and missed" him and urged him "to send her flowers and candy since other girls at college were receiving gifts from their boy friends," and she asserted that "unless she heard from him she would have to return because she could not bear to be away from him without hearing from him." Mr. Fleming showed this letter to Mrs. Fleming and they conferred as to the proper thing for him to do about it. He answered it in the presence of Mrs. Fleming, telling Miss Fisk that he was happy without her and wished to be let alone and advising her to interest herself in other men. From 1924 to 1932, a period of about eight years, there was a substantial break in contact between Miss Fisk and Mr. Fleming. The slight association shown during this period does not indicate any effectual alienation of Mr. Fleming's affections by the defendant. According to Mrs. Fleming's direct testimony her husband had been dutiful up until 1932, but upon cross-examination she admitted that "she had said on direct examination that her marriage had been happy until 1932, but that now she wanted to change that; that for a number of years prior thereto he had beaten her." Sexual congress between Mr. and Mrs. Fleming ceased in February, 1932; in April of that year he left her; in July she filed suit against him for divorce *a mensa et thoro*. Mrs. Fleming explained in her cross-examination in the instant case that she did not mention Miss Fisk's name in the divorce suit because "she did not have proof." In her sworn divorce complaint Mrs. Fleming alleged that her husband had "committed brutal assaults on her," had "abandoned and deserted" her, and that his "desertion . . . is final, complete and . . . beyond hope or a reasonable expectation of a reconciliation." She swore also in the divorce complaint that Mr. Fleming had failed properly to clothe and support her and their minor children, whereby they had been forced to seek aid for the necessities of life, and that she had found evidence that her husband was being unfaithful to her.

The only evidence of any association between Mr. Fleming and Miss Fisk of such nature as to indicate that his affections had been transferred to Miss Fisk relates to 1933-1935, a period wholly subsequent to the separation and to the filing of the divorce suit.

Giving the plaintiff the benefit of the rules of law above set forth, and bearing in mind especially the eight-year period of substantial disassociation between Mr. Fleming and Miss Fisk from 1924 to 1932, we think that no reasonable juryman could properly conclude under the evidence that Miss Fisk intentionally or effectively caused the break between Mr. and Mrs. Fleming in the first part of 1932, or that that break was other than final and complete. In these circumstances, whatever transpired between Mr. Fleming and Miss Fisk after 1932 cannot be said to have caused alienation.

We have considered the numerous authorities cited by counsel for the appellant, but we think it not useful to discuss them in detail. As we said in S. S. Kresge Company v. Kenney, 66 App.D.C. 274, 86 F.(2d) 651, decided August 17, 1936:

"The question whether on any particular issue there is evidence for a jury is a question which must be decided according to the best judgment of the reviewing tribunal on the particular record involved, that is to say, each case must rest largely on its own facts since there are usually such variations in the facts of others as to make them not persuasive."

We think the trial judge properly directed a verdict in the defendant's favor. The judgment below is

Affirmed.