## MAY v. MELVIN.
### No. 8538.

United States Court of Appeals,
District of Columbia.

Argued Jan. 14, 1944.

Decided March 6, 1944.

Mr. Frank R. Long, of Washington, D. C., for appellant.

Mr. Richard L. Merrick, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

In a suit for alienation of affections the District Court, sitting without a jury, gave judgment to the defendant and the plaintiff appeals. Appellant complains that she was denied a jury trial. But she failed to demand one, as Federal Rules of Civil Procedure, rule 38(b), 28 U.S.C.A. following section 723c, requires, within ten days after the service of the last pleading directed to the issue. The last pleading, appellee's answer, was served on July 15, 1941. Appellant's demand for a jury was first made at pretrial, in November 1942.

By the express terms of Rule 38(d), a jury had long since been waived.[1] Appellant offered no excuse except the "inadvertence" of former counsel. Though the court might, in its discretion, have ordered a jury trial, it was under no obligation to do so.[2] Since Rule 38(b) explicitly measures delay from "the service of the last pleading," there is no merit in appellant's contention that there is no "issue" within the meaning of the rule until pretrial.

Appellant contends that the trial court based its decision on the absence of illicit relations, and failed to recognize that appellant's loss of her husband's companionship was the gist of the action. We think the court rightly based its decision on the fact that appellant failed to establish any wrongful conduct on the part of appellee, or any conduct which caused appellant's loss.[3]

Affirmed.

---

[1] McNabb v. Kansas City Life Ins. Co., 8 Cir., 139 F.2d 591.

[2] F. R. C. P. Rule 39 (b).

[3] Fleming v. Fisk, 66 App.D.C. 350, 87 F.2d 747.