## FAUCETT v. BERGMANN et al.

Court of Appeals of District of Columbia.
Submitted October 10, 1927. Decided November 7, 1927.

No. 4542.

1. **Municipal corporations** ☞705(10)—**Pedestrian, struck by motor truck at street intersection, held guilty of contributory negligence as matter of law.**

In pedestrian's action for injuries from being struck by motor truck while crossing street at intersection, evidence *held* sufficient to establish plaintiff's contributory negligence as matter of law.

2. **Trial** ☞178—**Motion for directed verdict admits every fact in evidence tending to establish adversary's case and inferences reasonably deducible therefrom.**

A motion for a directed verdict against a plaintiff is an admission of every fact in evidence tending to sustain his case and of every inference reasonably deducible therefrom.

3. **Trial** ☞142—**Verdict can be directed only when one reasonable view can be taken from evidence.**

Motion for a directed verdict can be granted only when but one reasonable view can be taken of the evidence, and that view is utterly opposed to plaintiff's right to recover.

4. **Trial** ☞139(1), 141—**Verdict may be directed, if evidence is undisputed or so conclusive as to compel court to set aside verdict returned in opposition to it.**

A court may withdraw a case from the jury, and direct a verdict, where the evidence is undisputed or of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it.

Appeal from the Supreme Court of the District of Columbia.

Action by Nathan S. Faucett against William C. Bergmann and another, copartners trading as Bergmann's Laundry. Judgment for defendants, and plaintiff appeals. Affirmed.

George R. Sheriff, of Washington, D. C., for appellant.

F. J. Hogan, E. L. Jones, and J. W. Guider, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant as plaintiff below brought suit against the appellees as defendants, claiming damages because of personal injuries suffered by him in consequence of the negligent management of an automobile truck operated by an employee of the defendants.

The plaintiff alleged that on October 6, 1924, in the city of Washington, he was walking northwardly across G street just west of its intersection with Ninth street; that an employee in the service of defendants was operating an automobile truck of defendants at that point traveling westwardly on G street; that defendants' employee then and there operated the truck negligently and unskillfully, at an excessive rate of speed, without properly watching the street ahead of him, and without sounding his horn or giving any other warning signal, and without properly applying the brakes of the truck while in a position of danger; and that thereby he caused the automobile to strike the plaintiff, who was violently thrown to the ground and suffered severe physical injuries.

The defendants by plea denied the charge of negligence set out in the declaration, and alleged that at the time of the accident the motor truck in question was being operated by their employee in a careful and prudent manner and in compliance with all the laws and regulations relating to the operation of motor vehicles then in force in the District of Columbia, and that while the motor truck was being thus operated, and when it was proceeding on G street, between Ninth and Tenth streets, the plaintiff, while attempting to cross G street at a distance from the corner crossing, negligently and carelessly ran directly in front of and into the truck, and his injuries, if any, were caused by his own negligence and lack of care, and not through any negligence or lack of care on the part of the operator of the truck.

[1] At the trial of the issue the plaintiff testified that, when he was at or near the southwest corner of Ninth and G streets, he started to cross G street toward the north side; that when he was within 4 or 5 feet of the north curb of G street he for the first time saw the defendants' truck, which was about 5 or 6 feet to his right, moving toward him; that he was then directly in front of the middle of the truck, and that to avoid being struck by it he jumped forward toward the north curb of G street; that the truck was then steered in to the right toward the curb, and barely grazed plaintiff below the hip, knocking him to the street; that there was no other traffic about at the time plaintiff was crossing the street, and that the street was entirely clear when he started to cross; that the driver of the truck did not sound his horn or give any other signal of approach; that the truck did not slow up after he first saw it, but stopped as near instantly as possible after it grazed him; that when he started to cross G street he looked and saw that the traffic on Ninth street was going north and south; that he watched the traffic all the time he was proceeding across G street; that he could not account specifically for the fact that he did not see the truck until he was near the north curb of G street, when the truck was coming directly at him about 5 feet away; that there was nothing to obstruct his vision, as the street was perfectly open and he could see across the street; that the truck did not run over him, but merely grazed him; that when he was picked up the truck had not passed him; that when the truck stopped after the accident the front was probably 6 to 10 inches nearer the curb than the rear.

The plaintiff then rested; whereupon defendants' counsel moved for a directed verdict, upon the ground that plaintiff's evidence proved him guilty of contributory negligence. The motion was denied by the court. The defendants then called three witnesses, including the truck driver, whose testimony tended to sustain their plea. At the close of the testimony the defendants renewed their motion for a directed verdict, and the court sustained it, saying that plaintiff's own testimony had proven him guilty of contributory negligence. Judgment was entered upon the directed verdict, and this appeal was taken.

[2, 3] In our opinion the judgment of the lower court was right. It is settled law that a motion to direct a verdict against the plaintiff is an admission of every fact in evidence tending to sustain his case and of every inference reasonably deducible therefrom, and that the motion can be granted only when but one reasonable view can be taken of the evi-

dence and the conclusions therefrom, and that view is utterly opposed to the plaintiff's right to recover. Glaria v. Wash. Southern Ry. Co., 30 App. D. C. 559. It is a familiar rule in negligence cases that, "when a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them, that the question of negligence is ever considered as one of law for the court." Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 417, 12 S. Ct. 679, 683 (36 L. Ed. 485). [4] At the same time it is well settled that the court may withdraw a case from the jury altogether, and direct a verdict against plaintiff, where the evidence against him is undisputed, or of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. Patton v. Texas & Pacific Railroad Co., 179 U. S. 658, 659, 21 S. Ct. 275, 45 L. Ed. 361. "It is true that, where the undoubted facts and circumstances in evidence clearly show that one about to cross a railway track must inevitably have seen a coming car or train if he had actually looked in its direction, the testimony of the injured party that he looked and failed to see it coming may be rejected, and his contributory negligence declared as matter of law notwithstanding." Glaria v. Washington Southern Ry. Co., supra. These rules apply where the plaintiff's case is based upon a charge of last clear chance negligence. Washington R. & E. Co. v. Buscher, 54 App. D. C. 353, 298 F. 675.

When we examine the present record in the light of these principles, we are led to the conclusion that the lower court was correct in holding that the testimony conclusively established the contributory negligence of the plaintiff, and did not tend to establish negligence, even under the last clear chance doctrine, upon the part of the truck driver. According to the plaintiff's testimony, he was walking across the street in broad daylight at a point somewhat distant from the corner crossing, at a time when the street was otherwise clear of traffic, and that he walked to a point in the street directly in front of the the approaching truck when it was only 5 feet distant from him. There is no intimation of unusual weather conditions at the time, nor of defective vision upon plaintiff's part. It is clear that if the plaintiff had looked in the direction of the truck before stepping in front of it he could not have failed to see it approaching him. Nor does the plaintiff offer any excuse for his failure to see the truck before walking in front of it. He testified that when he first saw the truck coming toward him, at a distance of 5 feet from him, he jumped toward the curb, that the truck barely grazed him, and that the driver stopped the truck as quickly as possible. The truck was moving at a lawful and reasonable rate of speed, and there is no testimony to impeach the competency of the driver or the efficiency of the truck's brakes. Plaintiff testified that the driver failed to sound the horn, but under the admitted circumstances that fact alone does not tend to relieve the plaintiff of the charge of contributory negligence, nor to impute negligence to the driver. For it does not appear from the testimony that the driver in the exercise of reasonable care should have foreseen that plaintiff was about to step in front of the truck, in time to have prevented the accident. Accordingly, since plaintiff's testimony established his own negligence, and failed to disclose negligence upon the part of the truck driver, the lower court was right in directing a verdict against him.

The judgment is therefore affirmed, with costs.