### ELMER W. NICKERSON *vs.* JOSEPH BARBER.

Androscoggin County. Decided April 30, 1937. Action on the case, for damages incurred in collision of automobiles, comes to this Court by bill of exceptions to acceptance of the report of the Referee appointed by Rule of Court.

At the time of reference, the parties to the suit specifically reserved the right to except only to findings as to questions of law.

Facts as to the collision and attendant circumstances, as found by the Referee are as follows: The time was about nine o'clock A.M., November 12, 1935, when, because of rain and fog conditions, visibility was poor.

Plaintiff, with his employee and witness, Foster, was driving his automobile, at fifteen to eighteen miles per hour because of "bad driving conditions," northerly along the easterly side of Bates Street in the City of Lewiston, a street thirty feet wide.

Defendant's car was parked on the easterly side of said Bates Street, the second in a file of three cars so parked, and twenty or more feet in the rear of the most northerly car, before the collision, and plaintiff and his companion Foster saw defendant's car so parked when they were from thirty-five to fifty feet southerly therefrom; saw no sign that defendant's car was about to be started; the next time they saw defendant's car was coincident with the contact between the front mudguards.

"Defendant had no actual knowledge of the approach of the car from the rear and that such car gave no warning of its approach.

"Without any signal of hand or horn the middle car started out and the two came together. . . . The defendant did not see the approaching car from the rear . . . did not claim that his area of

vision as he looked back was more than thirty feet. He must be held to know that under such circumstances a car approaching on its own right hand side of the road at 18 miles an hour could reach his car almost within a second. The defendant was clearly negligent in undertaking to drive out into the lane of traffic moving in the same direction without using greater precautions."

The Referee further found that plaintiff was not guilty of contributory negligence.

Each finding of the Referee is a finding of fact, and it is not to be said, upon this record, that such findings are not supported by evidence. Exceptions overruled. *Samuel O. Foss*, for plaintiff. *Seth May*, for defendant.