CRAMER v. BRICTSON

1. AUTOMOBILES—MOTORIST'S DUTY AT INTERSECTING HIGHWAY.

A motorist about to cross an intersecting highway is bound to look and to see what he should have seen if it was plainly visible.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—FAILURE TO SEE APPROACHING TRAFFIC.

Motorist, traveling easterly, who approached a State trunkline highway, paved to a width of 24 feet, who stopped 100 feet therefrom and waited until southbound car had passed, then proceeded to a place where he could see 1,000 feet to the south and claims to have looked and then proceeded to cross pavement and was on easterly half when defendants' northbound car collided with plaintiff's car, *held*, guilty of contributory negligence as a matter of law.

Appeal from Ionia; Hawley (Royal A.), J.  Submitted June 14, 1938.  (Docket No. 41, Calendar No. 40,093.)   Decided October 5, 1938.

Case by Glenn Cramer against A. J. Brictson and J. E. Winston Company, a foreign corporation, for injuries sustained in an automobile accident at an intersection.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Affirmed.

*Rosslyn L. Sowers* and *B. G. Cameron,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

McALLISTER, J.   On the afternoon of October 11, 1936, plaintiff was driving his automobile on a dirt road in an easterly direction toward the intersection of State trunkline highway designated as M–14, which at this point runs north and south.  He brought his car to a complete stop about 100 feet west of the intersection and looked to the south and the north.   Seeing no traffic approaching from the south, he waited until a car coming from the north passed the intersection.   From this point where he had stopped, plaintiff could see a distance of 400 to 600 feet on his right, to the south along the State highway.   Plaintiff started his car and just as he was about to enter the intersection, he testifies, he again looked to the south and did not see any vehicle approaching.   From the point where he made this last observation he could see a distance of approximately 1,000 feet down the State highway to the south.   He proceeded to cross the highway.   As he drove into the easterly half, he looked to the south and saw defendant's car 6 or 8 feet away from him, being driven at a rate of approximately 60 miles an hour.

Plaintiff's car had completely traversed the westerly half of the highway when there was a collision resulting in injuries to plaintiff for which he seeks damages.

The case was tried before a court and jury and at the conclusion of plaintiff's proofs, upon motion of counsel for defendant, the court directed the jury to return a verdict of no cause of action on the ground that plaintiff had been guilty of contributory negligence in driving onto the highway in front of defendant's automobile.

The sole question in this case is whether the trial court was in error in holding plaintiff guilty of contributory negligence as a matter of law.

The travelled portion of the highway was 24 feet wide. On cross-examination, plaintiff testified as follows:

"*Q.* How near were you to the road when you looked to the right before the accident?

"*A.* Practically at the road you might say.

"*Q.* And still saw nothing coming?

"*A.* No, sir. * * *

"*Q.* And when you got to where you were just about ready to enter the highway about how far would you say you could see to the south at that time?

"*A.* Oh, I wouldn't say. There is a rise there in the road down there; it is about 80 rods; you couldn't see farther than that.

"*Q.* You couldn't see any farther than 80 rods?

"*A.* Well, if one was coming—I would say 80 rods.

"*Q.* But you could see a distance of about 80 rods down the road?

"*A.* Yes.

"*Q.* That would be a distance of at least around 1,000 feet, wouldn't it?

"*A.* Yes, sir."

Plaintiff was not definite in his testimony as to the speed his car was driven while crossing the intersection. He testified, however, that after the accident he made an experiment in driving his car a distance of 100 feet, at the same speed he had been travelling before the accident, to the point in the highway where the impact took place, and states that it required 25 seconds for him to reach such point. He was therefore travelling at a distance of at least 4 feet per second in crossing the highway. According to the computations from his testimony it would therefore require 6 seconds from the time his front wheels entered the roadway until his front wheels would reach the easterly line of the road. At the time of the collision, his rear wheels had passed the center line of the road and his front wheels must have been almost at the easterly line of the highway. Just before he crossed the roadway he could see 1,000 feet. If defendant were travelling at the rate of 60 miles per hour as claimed by plaintiff, defendant was therefore within this visible distance about 500 feet away when plaintiff was about to enter the highway, although plaintiff says he looked and saw nothing within the entire 1,000 feet.

In view of the fact that plaintiff did not see the approaching car until an instant before the collision, the evidence is persuasive that he did not look down the highway in the direction of the approaching car before attempting to cross the intersection. A party is bound to look and to see what he should have seen if it was plainly visible. *Zuidema* v. *Bekkering,* 256 Mich. 327.

Plaintiff cites *Lefevre* v. *Roberts,* 250 Mich. 675, in support of his right to have the case submitted to the jury but in that case the plaintiff had looked and had seen the approaching defendant and had arrived

at a judgment that he could safely pass over the intersection. In the instant case, if plaintiff had looked and had s'een defendant's automobile approaching and in the exercise of his judgment, had thought that he could safely pass over the intersection, we would be confronted with the question of whether he had exercised due care. But the case was not tried on such evidence or such a theory.

Plaintiff either did not look, or did not see the defendant who certainly was plainly within his vision, and therefore failed to sustain the proof necessary to enable the trial court to submit the question of his due care to the jury.

Judgment affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., took no part in this decision.