## STANDARD OIL CO. OF NEW JERSEY v. SHEPPARD.

### No. 8838.

United States Court of Appeals
District of Columbia.

Argued Feb. 19, 1945.

Decided April 2, 1945.

Mr. Louis M. Denit, of Washington, D. C., with whom Messrs. A. Leckie Cox and Thomas S. Jackson, both of Washington, D. C., were on the brief, for appellant.

Mr. Alfred M. Schwartz, of Washington, D. C., with whom Mr. A. Arvin Lynn, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from a judgment for the plaintiff in an action for wrongful death. Appellee's intestate was killed by a collision, in Maryland, between the car which he was driving and appellant's truck. The jury returned a verdict for $44,000 of which it allotted $30,000 to the widow, $4,-000 to the mother, and $10,000 to a son. Md.Code 1939, Art. 67, § 3.

Appellant contends that there was no evidence of negligence on the part of its driver. We think there was evidence from which the jury might conclude that he was driving at an excessive speed, on the wrong side of the road, and that he failed to decrease his speed on approaching an intersection as the law of Maryland required. Md.Code 1939, Art. 66½, § 157(e).

Appellant contends that it was entitled to a directed verdict on the issue of contributory negligence. The accident occurred at the intersection of a gravel road and a paved highway. The deceased was going north on the gravel road, appellant's truck west on the highway. Appellant relies on a Maryland statute which required vehicles on the road to come to a full stop at the intersection and "yield the right of way to all vehicles approaching" on the highway. Md.Code, 1939, Art. 66½, § 179. But there was evidence from which the jury might conclude that the deceased came to a full stop at the proper point and that appellant's truck, approaching at excessive speed and on the wrong side of the highway, did not become visible from that point until after the deceased, in the exercise of due care, had begun to enter the highway.

The statute does not impose upon the unfavored driver the impossible duty of yielding to vehicles the approach of which he cannot discover by making the required stop and using care.

Appellant complains of the admission of testimony as to the high speed of the truck immediately after the accident; of the allowance of an award to the adult son of deceased, who was dependent upon him for support; and of remarks which the court permitted appellee's counsel to make to the jury. We find no error in these respects. If there was any error in permitting appellee's counsel to call appellant's driver as a "hostile" witness and cross-examine him, it was not prejudicial.

Affirmed.