# MARTIN v. WASHINGTON TERMINAL CO.

## Civ. A. No. 31740.

District Court of the United States for the District of Columbia.

March 25, 1947.

Emory B. Smith, of Washington, D. C., for plaintiff.

Hamilton & Hamilton, William B. Jones and Edwin A. Mooers, Jr., all of Washington, D. C., for defendant.

PINE, Justice.

Plaintiff sued defendant on account of personal injuries sustained at the Union Station in Washington, D. C. The action was tried to a jury which returned a verdict for plaintiff, upon which judgment was entered. Defendant has moved, pursuant to Rule 50 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that the verdict and judgment be set aside and that judgment be entered for it in accordance with its motion for a directed verdict, or in the alternative, that the Court grant a new trial.

■ The Court, in considering a motion by a defendant for a directed verdict, must construe the evidence most favorably to the plaintiff and give him the full effect of every legitimate inference therefrom. If, upon the evidence so construed, reasonable men might differ, the motion should be denied. On the other hand, if no reasonable man could reach a verdict in favor of the plaintiff, the motion should be granted.[1]

■ This criterion is applicable on a motion to set aside a verdict under Rule 50 (b), supra,[2] and has been followed in reaching the conclusions hereinafter expressed.

On the day plaintiff was injured, he was employed by the Atlantic Coast Line Rail-

[1] Gunning v. Cooley, 281 U.S. 90, 91, 94, 50 S.Ct. 231, 74 L.Ed. 720. Shewmaker v. Capital Transit Co., 79 U.S.App. D.C. 102, 143 F.2d 142. Boaze v. Windridge and Handy, 70 App.D.C. 24, 102 F.2d 628. Jackson v. Capital Transit Co., 69 App.D.C. 147, 148, 99 F.2d 380.

[2] Shewmaker v. Capital Transit Co., supra.

544

way Co. as a dining-car waiter. On this day he left the dining-car on which he had arrived in Washington, and was struck, on defendant's premises, by an electrically-propelled truck owned by defendant and operated by one of its employees. Previously, this employee had loaded mail matter on the truck, from the Atlantic Coast Line train, and was engaged in transferring it to a Baltimore and Ohio train when the collision occurred. In so doing he failed to maintain a proper lookout and failed to warn plaintiff of the truck's approach, and his negligence in such respects caused the truck to collide with the plaintiff and injure him. For the purpose of this motion, defendant does not claim that evidence of negligence on the part of the employee is lacking, but does contend that plaintiff was guilty of contributory negligence as a matter of law, requiring the case to be taken from the jury.

The station platform on which this collision occurred was divided by a row of pillars which supported a roof. There was a passageway on each side of the pillars. According to plaintiff's testimony, he looked to the north as he left the dining-car, and saw no truck approaching, and then walked in a southerly direction six or seven steps on the west side of the platform, took one step to the left, and was hit. If he had testified that he looked and did not see danger obviously in sight, his testimony that he looked could be rejected, and the claim of contributory negligence as a matter of law would find support in Faucett v. Bergmann, 57 App.D.C. 290, 22 F.2d 718, and cases cited therein. However, there was testimony that the truck was not obviously in sight or bearing down upon him, but was proceeding also in a southerly direction to the rear of plaintiff, along the *east* side of the platform, made a sharp turn between the pillars to the *west* side on which plaintiff was walking, and hit him. Consequently the case does not fall within the principle announced in Faucett v. Bergmann, supra, as contended by defendant, and con-

tributory negligence as a matter of law has not been established.

The other point relied on by defendant in support of its motion for judgment non obstante veredicto is that the operator of the truck, while in the general employ of defendant, was, as a matter of law, at the time of the collision, an employee of the United States postal service, under the Lent Servant Doctrine, which, if applicable, would relieve defendant of liability.

In this connection defendant relies heavily upon Denton v. Yazoo & M. V. R. Co., 284 U.S. 305, 52 S.Ct. 141, 142, 76 L.Ed. 310. In that case Denton, a United States Railway postal clerk, was injured by the negligence of an employee in the general service of two railroad companies. He brought suit against these companies, was awarded a verdict in the state court, and judgment was entered thereon. After reversal by the highest court of the state, the Supreme Court of the United States granted certiorari. At the time of the injury, the employee was engaged in loading mail into a mail car under the direction of a United States postal clerk.

By statute railway common carriers[3] then were and now are required to transport mail "in the manner, under the conditions, and with the service prescribed by the Postmaster General". 39 U.S.C.A. § 541, 39 Stat. 429. There was in effect at the time of Denton's injury a regulation of the Postmaster General adopted by authority of this statute which provided that, "Railroad companies shall furnish the men necessary to handle the mails, to load them into and receive them from the doors of railway post-office cars, and to load and pile the mails in and unload them from storage and baggage cars, *under the direction of the transfer clerk, or clerk in charge of the car, if one is on duty * * *.*" Sec. 1293 (2), Postal Laws and Regulations 1924. Italics supplied. After referring to this statute and regulation, the Supreme Court in the Denton case held that the phrase "under the direction of the transfer clerk" contained in the

---

[3] See McNamara v. Washington Terminal Co., 37 App.D.C. 384, and Washington Terminal Co. v. Sampson, 53 App. D.C. 179, 181, 289 F. 577, as to status of Washington Terminal Company as a railway common carrier.

regulation comprehended the power to supervise and control the movement of the mail, and that work done by the men furnished by the carrier to handle the mail under such direction was work of the Government, thereby absolving the carrier of liability for their acts. However, after the decision in the Denton case, and before the occurrence herein involved, the regulation of the Postmaster General referred to was amended by the deletion of the phrase "under the direction of the transfer clerk, or clerk in charge of the car"; otherwise it remained and remains the same. Sec. 1745 (2), Postal Laws and Regulations 1940. The basis for the opinion in the Denton case thereby having been eliminated from the regulation, the opinion no longer has application to actions of the character here involved, and defendant's motion is without its support. Indeed, it reasonably could be inferred that the deletion of this phrase was intended to eliminate future claims to immunity from liability upon the authority of this case.

Consistent with this view is another section of the postal regulations which provides that, "At places where railroad companies are required to take the mails * * * or to transfer them to connecting railroads, the persons employed to perform such service shall be regarded as agents of the companies and not employees of the postal service * * *". Sec. 1740, Postal Laws and Regulations 1940.

Finally, construing the evidence according to the standard hereinbefore mentioned, it appears that reasonable men might differ as to whether the postal authorities acting through the postal clerks, or the defendant acting through its agents, had the power to control the operator of the truck at the precise time it collided with the plaintiff, and therefore the question was one for the jury.

Accordingly, the motion of defendant to set aside the verdict and judgment and to enter judgment in accordance with its motion for a directed verdict will be denied.

The grounds set forth in the motion for a new trial have been considered, but they do not justify the granting of the motion, and accordingly it also will be denied.