**WELLS et al. v. GRAND UNION EQUIP-
MENT CO.**

No. 10541.

United States Court of Appeals
District of Columbia Circuit.

Argued May 11, 1950.

Decided June 19, 1950.

Mr. Carl W. Berueffy, Washington, D.
C., with whom Mr. Hyman Smollar, Wash-

ington, D. C., was on the brief, for appellants.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Mr. Richard W. Galiher, Washington, D. C., was on the brief, for appellee. Mr. William H. Clarke, Washington, D. C., also entered an appearance for appellee.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Plaintiffs, husband and wife, sued in the United States District Court for the District of Columbia for personal injuries to the wife and for damages to the automobile owned by the husband. They appeal to reverse a judgment for the defendant based on a jury verdict. The contention is that the instructions to the jury were erroneous in two respects.

Mrs. Wells was injured in a collision between the automobile of Mr. Wells which she was driving and a truck belonging to appellee. The accident occurred at an intersection into which she drove after passing a "Stop" sign and into which the truck was driven from the street coming into the intersection at a right angle from the left of her path. The testimony was very conflicting and there is no serious question the case was one for the jury.

I. A part of the court's instruction to the jury was as follows:

"You are further instructed that when the plaintiff was at a standstill at the stop sign, should you so find that she did stop, it became her duty to exercise reasonable care as measured by common sense and traffic regulations, to observe moving traffic and yield the right of way to traffic not only within the intersection but also to any vehicle approaching the intersection on the favored street which would constitute an immediate hazard, which means a vehicle so close to the intersection should it continue with undiminished speed and should the unfavored vehicle start, the two would reach the point where their paths would converge at approximately the same time."

There was testimony that Mrs. Wells had stopped at the "Stop" sign before entering

the intersection. She contends that the truck, coming from the other street where there was no such sign, that is, from the "favored" street, was not entitled to preference unless it was being driven in accordance with traffic regulations. Under the above instruction, she says, the jury were authorized to find that the truck constituted an immediate hazard to which she should have yielded even though the truck was operated at an excessive speed or otherwise in violation of traffic regulations. There was evidence from which the jury could find facts supporting appellants' claim of such speed or traffic violations on the part of appellee. Appellants state the question as follows:

" * * * When a driver at a favored street is proceeding at an unlawful rate of speed, or otherwise violating the law of the road, does an unfavored driver who does not see him because of such violation—although the unfavored driver could and would see any automobile which, if proceeding lawfully, would be a hazard—have a right, under Section 28 of the Traffic Regulations, to proceed across the through street, and does that section give the unfavored driver under such circumstances, a right of way?"

Section 28 of the Traffic Regulations is set forth in the margin.[1]

We do not construe the instruction as answering appellants' question in the negative. The jury would not understand the court as saying that regardless of excessive speed or other negligence on the part of the favored vehicle, which prevented her from seeing the truck, Mrs. Wells nevertheless was required to give way. See Standard Oil Company of New Jersey v. Sheppard, 1945, 80 U.S.App.D.C. 71, 72, 148 F.2d 363; Bland v. Hershey, 1931, 60 App.

D.C. 226, 50 F.2d 991, 992. The instruction complained of required her to yield to the vehicle on the favored street if the latter was "so close to the intersection" that should it continue with undiminished speed and should the unfavored vehicle proceed the two would meet. The "so close" phrase would not be understood by the jury as permitting the favored vehicle to rush from a distance into the intersection with impunity and at the risk of the unfavored vehicle. Properly understood the instruction is not erroneous. See Brown v. Clancy, D.C.Mun.App.1945, 43 A.2d 296. This is especially so when it is read in the context of the whole charge to the jury. At appellants' request the court read not only Section 28[2] of the Traffic Regulations of the District of Columbia but also the traffic regulation prohibiting driving at a greater speed than is reasonable and prudent having due regard *inter alia* to "hazards at intersections". The court also instructed on the doctrine of the last clear chance, and, finally, as follows:

"In this case, if you find and believe from the evidence that Mrs. Catherene E. Wells stopped at the stop sign on Third Street, and that if she did so at a time when there was no motor vehicle approaching on E Street, which was near enough, if such vehicle were operated properly and at a lawful rate of speed, to make it unsafe for her to cross, then she had a legal right to proceed. If the collision involved in this case then resulted because of the reckless and negligent operation of defendant's truck, if you find from the evidence that the truck was in fact operated negligently, then the defendant is liable, and your verdict should be for the plaintiffs."

We find no error in the part to which appellants object when it is read with the

---

1. *"Section 28. Right-of-Way Between Vehicles.*
   *"(a) A vehicle approaching an intersection shall slow down and be kept under such control as to avoid colliding with pedestrians or vehicles.*
       *    *    *    *    *    *
   *"(b) At any point at which an official "Stop" sign has been erected all vehicles shall come to a complete stop and shall* yield to other vehicles within the intersection or approaching so closely thereto as to constitute an immediate hazard, but said driver having so yielded may proceed and other vehicles approaching the intersection shall yield to the vehicle so proceeding into or across said intersection."

2. Footnote 1, supra.

whole charge as we think the jury understood it.

■ II. Appellants also contend that the court took from the jury and decided itself a material issue of fact, namely, that Mrs. Wells "failed to see what the evidence conclusively shows was there to be seen". This contention rests upon the following instruction:

"You are further instructed the duty of the plaintiff when at the stop sign was not merely to look but she was required to look observantly and with effect and if you find that she failed to see what the evidence conclusively shows was there to be seen, the law declares her negligent or contributorily negligent and bars recovery for her injuries and your verdict must be for the defendant."

On the particular point raised by appellants we do not read the instruction as they do. The court was not telling the jury that the evidence conclusively showed that a certain situation was there to be seen. The court was saying that if the jury should find that she did not look observantly and therefore failed to see what the jury finds the evidence conclusively shows was there to be seen then she was negligent. Furthermore, when this portion of the instruction is read with the remainder, to which reference has been made, including what was said as to the last clear chance, no error occurred which we can say misled the jury as to the law applicable to the case. The several and diverse legal theories advanced by the parties were made the bases of instructions to be applied according to the manner in which the jury resolved the several and diverse factual conflicts.

Affirmed.